IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL GUERRIERO,** on behalf of himself and all others similarly situated, | ) ) ) | Case No. |
| Plaintiff, | ) ) | |
| v. | ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **GRAPHIC PACKAGING INTERNATIONAL, LLC,** | ) ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) | |

Plaintiff Michael Guerriero, by and through counsel, for his Complaint against Defendant Graphic Packaging International, LLC, states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b), on behalf of himself and other "similarly situated" persons who have joined or may join this case pursuant to § 216(b) ("the Opt-Ins").

3. Plaintiff further brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Revised Code (O.R.C.) § 4111.03(D) (Ohio Overtime Law) and §4113.15 (Ohio Prompt Pay Act or OPPA) (collectively the Ohio Wage Laws) on behalf of all similarly situated employees currently or previously employed by Defendant within the two years preceding the filing of this action.

1

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

6. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the asserted Ohio claims because the claims are so related to the FLSA claims as to form part of the same case or controversy.

**PARTIES**

7. At all relevant times, Plaintiff was a citizen of the United States. Plaintiff has worked for Defendant as an hourly employee at its Solon, Ohio facility. Plaintiff first worked as a temporary employee starting on or about May 16, 2019, then has been working as a direct hire since approximately September 30, 2019.

8. Defendant is an Ohio Limited Liability Company, headquartered in in Atlanta, Georgia, is registered to do business in Ohio, and can be served through its registered agent Corporation Service Company, at 50 West Broad Street, Suite 1330, Columbus, OH 43215.

**FACTUAL ALLEGATIONS**

**Defendant's Status as an "Employer"**

1. At all relevant times, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

2

2. At all relevant times, Defendant was an "employer" within the meaning of the FLSA and the Ohio Wage Laws.

3. At all relevant times, Plaintiff and those similarly situated were "employees" within the meaning of the FLSA and the Ohio Wage Laws.

4. Defendant employs Plaintiff and others similarly situated to him as non-exempt hourly employees in its business of producing paper-based packaging.

5. According to Defendant's website, it is "the top provider of paperboard cartons and high-performance packaging machinery for manufacturers in the consumer packaged goods, beverage, and foodservice markets;" it produces "[p]aper-based packaging for general purpose cleaners, dish washing soap, laundry detergent, and virtually any household good;"[1] and it is "one of the largest manufacturers of paperboard and paper-based packaging for some of the world's most recognized brands of food, beverage, foodservice, household, personal care and pet products."[2]

6. According to Defendant's website, it has "almost 19,000 employees working in more than 70 locations worldwide."[3]

7. Plaintiff estimates there are at least approximately 160 employees at the Ohio facility at which he works.

8. According to Defendant's website, its U.S. locations include, but may not necessarily be limited to: Arkansas; California; Colorado; Georgia; Illinois; Indiana; Iowa; Kansas; Kentucky; Minnesota; Missouri; Nebraska; New Hampshire; New York; North

---

[1] https://www.graphicpkg.com/global-markets/ (last viewed 6/24/2020).
[2] https://www.graphicpkg.com/careers/ (last viewed 6/24/2020).
[3] *Id*.

Carolina; Ohio; Oregon; Pennsylvania; South Carolina; South Dakota; Tennessee; Texas; Virginia; Washington; and Wisconsin.[4]

9. Defendant's non-exempt hourly employees included Plaintiff and those similarly situated to him.

**Unpaid Pre-Shift Work**

10. Plaintiff and those similarly situated are required to arrive to work approximately 10 to 20 minutes early to perform compensable work such as attending pre-shift meetings, getting work assignments, planning the day's work, making sure they can find a forklift, and stocking machines to ensure the machines are running at the start of their shifts.

11. These pre-shift meetings and pre-shift work are integral and indispensable to the work performed by Plaintiff and other similarly situated employees. For example, it was necessary to complete this work to keep the continuous, or nearly continuous, running machines operating and running by the shift start time.

12. These pre-shift meetings and pre-shift work are intrinsic elements of the work activities of Plaintiff and those similarly situated, and cannot be dispensed with if they are to perform their jobs as they were hired to do.

13. These pre-shift meetings and pre-shift work are the first principle activities of Plaintiff and those similarly situated and constitute compensable work.

14. This pre-shift work is unpaid.

15. Defendant pays Plaintiff and those similarly situated only from the shift start time to the shift end time.

---

[4] https://careers.graphicpkg.com/content/Locations/?locale=en_US (last viewed 6/24/2020).

16. Either this pre-shift work is performed before Plaintiff and those similarly situated clock in; or, in instances when Plaintiff and those similarly situated do clock in, Defendant adjusts their clock time down to the shift start time.

17. If Plaintiff or others similarly situated to him clock in late, Defendant does not adjust time back to the shift start time. Accordingly, time adjustments are always in Defendant's favor and are not neutral.

18. Plaintiff and those similarly situated, as full-time employees, regularly work or worked more than 40 hours in a single workweek, entitling them to overtime compensation under the FLSA and the Ohio Overtime Law.

19. Plaintiff and those similarly situated to him are not paid all of the overtime compensation they earned.

20. Defendant's company-wide policy of not paying hourly employees for pre-shift compensable work and adjusting time always in its favor resulted in the underpayment of overtime compensation.

21. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and the Ohio Wage Laws.

22. Upon information and belief, Defendant failed to make, keep, and preserve records of the compensable but unpaid work performed by Plaintiff and other similarly situated employees.

**Regular Rate Violations**

23. Additionally, Plaintiff and others similarly situated are paid hourly shift differential that is not calculated into their regular rates for purposes of calculating overtime compensation.

24. The FLSA and Ohio law mandate that such additional hourly compensation be accounted for when determining a non-exempt employee's regular rate for the purposes of calculating overtime compensation.

25. Defendant's failure to properly calculate the regular rate resulted in further underpayment of overtime earned.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

27. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

28. Defendant's current and former hourly workers who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> **All present and former hourly employees of Defendant who worked 40 or more hours in one or more workweeks during the period three years preceding the commencement of this action through final resolution of this matter.**

29. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay its employees for all hours worked, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

30. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

31. Plaintiff cannot yet identify the similarly situated persons, but they are estimated to be in the multiple thousands nationwide. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. § 215.2; and/or Ohio Const. Art. II, § 34a.

## OHIO CLASS ACTION ALLEGATIONS

32. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself other similarly situated current or former employees employed by Defendant within the last two years.

33. Defendant's current and former hourly workers who are "similarly situated" to Plaintiff with respect to Defendant's violations of Ohio law consist of:

> **All present and former hourly employees of Defendant who worked 40 or more hours in one or more workweeks during the period two years preceding the commencement of this action through final resolution of this matter**.

34. This class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the putative class but, upon information and belief avers that it consists of at least more than 160 employees in Ohio.

35. There are questions of law or fact common to the putative class including: whether: (1) Defendant failed to pay its employees for their pre-shift activities and whether this practice resulted in the underpayment of overtime; (2) whether Defendant's practice of adjusting time resulted in the underpayment of overtime; and, (3) whether Defendant failed to account shift-differential into the regular rate for the purposes of overtime compensation.

36. Plaintiff will adequately protect the interests of the putative class members ("Ohio Class"). His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Classes in this case.

37. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class are common to the Ohio Class as a whole and predominate over any questions affecting only individual class members.

38. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who will join this case pursuant to 29 U.S.C. § 216(b).

41. Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is being filed along with this Complaint and is attached as **Exhibit A**.

42. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

43. Defendant failed to pay Plaintiff and the Opt-Ins overtime compensation for all hours worked in excess of forty in a workweek.

44. Instead, Defendant had a companywide policy not paying its employees for all hours worked, and instead only paying them from the shift start time to the shift end time, regardless of how much time they actually worked.

45. Defendant also maintained an illegal company-wide practice of adjusting time always in its favor, resulting in unpaid overtime.

46. Further, Defendant failed to include shift-differential in its employee's regular rate for purposes of calculating overtime compensation. This resulted in the underpayment of overtime premiums.

47. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

48. As a result of Defendant's violations of the FLSA, Plaintiff and the Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.

49. Section 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."

50. Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Violations of the Ohio Wage Laws)**

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. Defendant violated Ohio law by having a company-wide policy requiring Plaintiff and those similarly situated to perform off-the-clock pre-shift work activity, for which Defendant did not compensate them. This illegal practice resulted in the underpayment of overtime.

53. Defendant violated Ohio law by maintaining an illegal policy of always adjusting work time in its favor and under which an employee always loses credit for time actually worked. This illegal practice resulted in underpaid overtime premiums.

54. Defendant also violated Ohio law by not accounting for shift-differential in its employee's regular rate for purposes of computing overtime compensation. This illegal practice resulted in the underpayment of overtime premiums.

55. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and all overtime compensation at a rate of one and one-half times their correct regular rate of pay for all hours worked over 40 each workweek violated Ohio law.

56. Additionally, the OPPA requires that Defendant pay Plaintiff and other similarly situated employees all wages on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by her during the preceding calendar month. O.R.C. § 4113.15(A).

57. Due to Defendant's violations of the Ohio Wage Law, Plaintiff and other similarly situated employees are entitled to recover from Defendant all unpaid compensation, and

liquidated damages in the amount equal to 6% of unpaid overtime or $200 for each pay period that Defendant failed to pay overtime, whichever is greater. In addition, Plaintiff is entitled to reasonable attorneys' fees and costs and disbursements of the action.

58. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated Ohio law.

59. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

60. As a result of Defendant's practices, Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Federal Rule of Civil Procedure 23 consisting of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the putative FLSA Opt-Ins, and the Ohio Class;

D. Award compensatory damages to Plaintiff, the putative FLSA Opt-Ins, and the Ohio Class in the amount of their unpaid wages as well liquidated damages as provided under the FLSA, and statutory damages under OPPA;

E. Award Plaintiff, the putative FLSA Opt-Ins, and the Ohio Class pre-judgment and/or post-judgment interest at the statutory rate; and

F. Award Plaintiff, the putative FLSA Opt-Ins, and the Ohio Class attorneys' fees, costs, and disbursements; and

G.      Award Plaintiff, the putative FLSA Opt-Ins, and the Ohio Class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:   (614) 824-5770
Facsimile:   (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:   (330) 470-4428
Facsimile:   (330) 754-1430
Email: hans@ohlaborlaw.com
       sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)