IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **MICHAEL GUERRIERO,** on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 3:20-cv-1410 ) ) **JUDGE JEFFREY J. HELMICK** |
| v. | ) ) |
| **GRAPHIC PACKAGING INTERNATIONAL, LLC,** | ) ) ) |
| Defendant. | ) ) |

**FINAL ORDER AND JUDGMENT ENTRY**
**FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

Named Plaintiff Michael Guerriero ("Named Plaintiff"), on behalf of himself and others similarly situated, and Defendant Graphic Packaging International, LLC ("Defendant") (together, the "Parties") have jointly moved the Court for final approval, as fair and reasonable, of the Collective and Class Action Settlement Agreement ("Settlement Agreement") pursuant to Federal Rule of Civil Procedure 23(e) and § 216(b) of the Fair Labor Standards Act ("FLSA").

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Final Approval of Rule 23 Class Action Settlement and FLSA § 216(b) Collective Action Settlement ("Joint Motion for Approval"), the Declaration of the Settlement Administrator appended thereto, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Final Order and Judgment Entry ("Final Order") and hereby ORDERS, ADJUDGES AND DECREES as follows:

1. This Final Order approving this class and collective action settlement incorporates herein the Parties' Settlement Agreement. Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the Settlement Agreement.

2. Because adequate notice has been disseminated and all Settlement Class Members have been given the opportunity to opt-out of the class action, this Court has personal jurisdiction with respect to the claims of all Settlement Class Members. The Court has subject matter jurisdiction over the class and collective actions, including jurisdiction to approve the proposed settlement, grant final certification of the Settlement Class, and dismiss the class and collective actions with prejudice.

3. On June 26, 2020, Named Plaintiff filed this Action, on behalf of himself and a putative class and collective of alleged similarly-situated employees, in which Named Plaintiff asserted, *inter alia*, that Defendant: (A) failed to pay him and all similarly-situated employees overtime for all hours worked in excess of 40 in a workweek in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. and Ohio law; (B) failed to properly calculate regular rate under the FLSA and Ohio law resulting in an alleged further underpayment of overtime wages; and (C) failed to make timely payment of wages in violation of Ohio Revised Code 4113.15(A).

4. On August 6, 2020, Defendant filed its Answer in which it denied all material allegations asserted in the Action; further denied that it violated the FLSA, Ohio law or any other law; and asserted numerous affirmative defenses to those claims.

5. On August 10, 2020, Named Plaintiff filed his Motion for Conditional Certification.

6. On September 9, 2020, the Court issued an order approving the Parties' stipulation, thereby conditionally certifying a collective action under the FLSA comprised of certain current and former hourly production employees who performed work for Defendant at its Solon, Ohio facility since September 9, 2017.

7. On September 23, 2020, Named Plaintiff filed an amended complaint to conform to the Court's September 9, 2020 order conditionally certifying the collective action.

8. On October 7, 2020, Defendant filed its Answer to the First Amended Complaint in which it continued to deny all liability and asserted numerous affirmative defenses.

9. The Parties have exchanged and analyzed initial factual disclosures and timekeeping and payroll records. This document exchange enabled the Parties to understand and assess the detail and substance of their respective claims and defenses.

10. On December 2, 2020, the parties reached a settlement through mediation. The Settlement Agreement resolves the individual, collective, and class claims of Named Plaintiff and the Settlement Class Members made pursuant to the FLSA and any and all applicable state overtime laws, regulations, and ordinances, and provides class-wide relief and distribution of funds pursuant to the FLSA and Federal Rule of Civil Procedure 23.

11. The issues in this case were contested. A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have experience litigating FLSA and state wage and hour claims.

12. On February 15, 2021, the parties filed a Joint Motion for Preliminary Approval of Rule 23 Class Action Settlement.

13. On February 22, 2021, this Court granted preliminary approval of the Rule 23 settlement and directed the Parties to send notice to putative Settlement Class Members informing them of the pendency of this action, the proposed settlement, and the date of a Fairness Hearing. No Settlement Class Member objected to the Settlement or opted out of the Settlement.

14. The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*, have been complied with and there have been no objections from any state or federal officials regarding the Settlement.

15. The Parties' Joint Motion for Final Approval of Rule 23 Class Action Settlement and FLSA § 216(b) Collective Action Settlement was filed on June 21, 2021.

16. The Parties have filed with the Court a declaration from the Settlement Administrator verifying that the Notice of Settlement was distributed to the Settlement Class Members in the form and manner approved by the Court.

17. The Fairness Hearing was convened as Ordered on September 13, 2021.

18. The Court finds that the Settlement Class Members were given adequate notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied all of the requirements of Federal Rule of Civil Procedure 23 and due process.

19. As to Named Plaintiff and Settlement Class Members, the Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Federal Rule of Civil Procedure 23(e). The proposed settlement satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Named Plaintiff is an adequate representative of the Settlement Class in that he is a member of the Settlement Class and possesses the same interests and suffered the same alleged injuries as the Settlement Class' other members. The definition of the Settlement Class encompasses persons with like factual circumstances and like claims. Class Counsel have fully and adequately represented the class and collective for purposes of entering into and implementing the Settlement. As such, the Settlement Class is certified for settlement purposes. And, as set forth above, the Court has already certified a collective action pursuant to § 216(b) of the FLSA. In addition, the Court finds that the proposed settlement is fair, reasonable,

and adequate as to the Settlement Class, and qualifies for final approval under Rule 23(e). The Court also finds that the proposed settlement is a fair and reasonable resolution of a *bond fide* dispute and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b).

20. The Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions and as directed herein.

21. The Court approves the method of calculation and proposed distribution of settlement payments, and Orders that the settlement payments be distributed to Settlement Class Members in the manner, and upon the terms and conditions, set forth in the Settlement Agreement. Consistent with the terms of the Settlement Agreement, any Settlement Class Member who negotiates a settlement check will be deemed to have opted into this case for purposes of the FLSA.

22. The Court approves the payment of attorneys' fees and costs as provided in the Settlement Agreement, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

23. The Court DISMISSES THIS ACTION WITH PREJUDICE.

24. The terms of the Settlement Agreement and this Final Order are binding on Named Plaintiff and all Settlement Class Members, including the Waiver and Release set forth in the Settlement Agreement.

25. The Court approves the Waiver and Release set forth in Section V.B of the Settlement Agreement, which is incorporated herein in all respects, as to the Named Plaintiff and all Settlement Class Members. The Waiver and Release is effective as of the date of this Final Order.

26. Neither this Final Order, the Settlement Agreement, nor any other document filed in this case is, may be construed as, or may be used as an admission or concession of any form of liability or unlawful conduct.

27. The Parties are to bear their respective attorneys' fees and costs, except as provided in the Settlement Agreement.

28. The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.

29. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

IT IS SO ORDERED this __13th__ day of __September__, 2021.

_s/ Jeffrey J. Helmick_
Honorable Jeffrey J. Helmick
United States District Court Judge